**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **KORTEZ B.,**[1] | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **No. 25 C 13058** |
| **v.** | ) | |
| | ) | **Magistrate Judge Gabriel A. Fuentes** |
| **FRANK BISIGNANO,** | ) | |
| **Commissioner of Social Security,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**MEMORANDUM OPINION AND ORDER**[2]

Before the Court is Plaintiff Kortez B.'s brief in support of reversing and remanding the Commissioner's decision denying his application for Disability Insurance Benefits ("DIB") (D.E. 21, "Brief"), which is now fully briefed. *See* Defendant's Memorandum in Opposition (D.E. 24, "Opp."), and Plaintiff's Reply (D.E. 25).

## I. Procedural History

On December 5, 2022, Plaintiff applied for DIB, alleging a disability onset date of October 5, 2021. (R. 15.) After a hearing on September 12, 2024, the Administrative Law Judge ("ALJ") issued a written decision denying Plaintiff's application on September 20, 2024, finding Plaintiff was not disabled from his alleged onset date through his date last insured,[3] June 30, 2023.[4] (R. 28.)

[1] The Court in this order is referring to Plaintiff by his first name and first initial of his last name in compliance with Internal Operating Procedure No. 22 of this Court. To the extent the Court uses pronouns in this order, the Court uses those pronouns used by the parties in their memoranda.

[2] On February 20, 2026, by consent of the parties and pursuant to 28 U.S.C. § 636(c) and Local Rule 73.1, this case was reassigned to this Court for all proceedings, including entry of final judgment. (D.E. 15.)

[3] To be entitled to DIB, a claimant must establish disability between his alleged onset of disability and his date last insured. *See Pufahl v. Bisignano*, 142 F.4th 446, 452 (7th Cir. 2025).

[4] The Appeals Council denied further administrative review (R. 1-6), making the ALJ's decision the final decision of the Commissioner. *Lincoln v. Bisignano*, 173 F.4th 886, 891 (7th Cir. 2026).

## II. The ALJ Decision

The ALJ applied the Social Security regulations' five-step sequential evaluation process to Plaintiff's claims. At Step One, the ALJ determined that Plaintiff did not engage in substantial gainful activity from his alleged onset date through his date last insured. (R. 17.) At Step Two, the ALJ found Plaintiff had the following severe impairments during this time period: degenerative disc disease of the lumbar and cervical spine, degenerative joint disease of the right shoulder and the left hip, asthma, hypertension, and obesity. (R. 17-18.) At Step Three, the ALJ determined that Plaintiff's impairments alone or in combination did not meet or medically equal any Listing. (R. 18-19.) The ALJ assessed Plaintiff with a residual functional capacity ("RFC") to perform light work except:

> the claimant can lift fifteen pounds occasionally. The claimant can stand and walk for one hour and sit for seven hours in an eight-hour workday. The claimant can frequently reach overhead and in all other directions with the right upper extremity. The claimant can frequently handle items with the right upper extremity. The claimant can occasionally climb ramps and stairs, but never climb ladders, ropes, or scaffolds. The claimant can occasionally stoop, kneel, crouch, and crawl. The claimant can never work at unprotected heights and never with moving mechanical parts. The claimant can tolerate occasional exposure to dust, odors, fumes, and pulmonary irritants. The claimant can tolerate occasional exposure to vibration.

(R. 19.) At Step Four, the ALJ determined that Plaintiff had no past relevant work, and at Step Five, the ALJ determined that jobs exist in significant numbers in the national economy that Plaintiff can perform. (R. 26-27.) Thus, the ALJ determined Plaintiff was not disabled under the Social Security Act from October 5, 2021, through his date last insured of June 30, 2023. (R. 28.)

## III. Legal Standard

The Court "will reverse an ALJ's decision only if it is the result of an error of law or it is not supported by substantial evidence, which is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Yokosh v. Bisignano*, 170 F.4th 631, 637 (7th Cir.

2026) (internal citations and quotations omitted). "In making these determinations, an ALJ is subject to only the most minimal of articulation requirements... Our role is extremely limited, and we do not reweigh evidence, make credibility determinations, or substitute our judgment for the ALJ's determination." *Cain v. Bisignano*, 148 F.4th 490, 496-97 (7th Cir. 2025) (internal quotations omitted). An "ALJ need not address every piece or category of evidence identified by a claimant, fully summarize the record, or cite support for every proposition or chain of reasoning." *Lincoln v. Bisignano*, 173 F.4th 886, 892 (7th Cir. 2026) (internal citations and quotations omitted). "It is enough that [the ALJ] build a logical bridge between the evidence and his conclusions." *Yokosh*, 170 F.4th at 639 (internal citations and quotations omitted). The Seventh Circuit has clarified that district courts, on review of ALJ decisions in Social Security appeals, are subject to a similar minimal articulation requirement as ALJs: "A district (or magistrate) judge need only supply the parties . . . with enough information to follow the material reasoning underpinning a decision." *Morales v. O'Malley*, 103 F.4th 469, 471 (7th Cir. 2024).

## IV. Analysis: The RFC Crafted By the ALJ Was Not Supported By Substantial Evidence.

On appeal, Plaintiff makes multiple arguments for remand. As the Court agrees with Plaintiff's argument that the ALJ's RFC determination was not supported by substantial evidence and requires remand, the Court does not reach Plaintiff's remaining arguments.

Plaintiff argues that the ALJ failed to explain the RFC's limitation to standing and walking for one hour and sitting for seven hours in an eight-hour workday with no allowance for Plaintiff to change positions, and that this limitation was untethered to the record evidence, including the August 30, 2024, opinion of Plaintiff's internist, Solomon Okai, M.D. (Brief at 7-9.) In explaining the RFC, the ALJ noted that Plaintiff "provided medical imaging that showed degenerative changes to his cervical spine, lumbar spine, right shoulder, and left hip," which "caused the

claimant to experience" reduced range of motion ("ROM") and pain in each of these areas, and which "did not resolve ... [d]espite treatment with site injections and medication." (R. 24-25, citing repeated instances of Plaintiff receiving injections to his lumbar spine, cervical spine, hip, and shoulder.) The ALJ also found Dr. Okai's opinion "regarding the claimant's ability to stand, walk, and lift objects" – that Plaintiff needed to lie down or recline about three hours in an eight-hour workday, could only sit for 45 minutes at a time and stand for 30 minutes at a time, and could occasionally lift up to 15 pounds (R. 774-76) – to be persuasive and supported by the aforementioned evidence in the record. (R. 24.) Nevertheless, the ALJ found that Plaintiff "retained significant functioning despite his degenerative conditions and their related symptoms," based on "numerous" exams showing Plaintiff retained full strength in his extremities; intact coordination, strength, reflexes and sensation; and a normal, unaided gait. (R. 24-25.) Ultimately, the ALJ concluded that "[t]hese degenerative changes and symptoms would interfere with the claimant's capacity for all standing, walking, and lifting and supported limiting the claimant to ... no more than one hour of standing and walking and lifting no more than fifteen pounds." (R. 26.) Plaintiff argues this conclusion runs counter to the record evidence the ALJ relied on, including Dr. Okai's opinion, and thus, that the RFC was not supported by substantial evidence and the ALJ failed to build an accurate and logical bridge between the evidence and the RFC. (Brief at 8-9.)

The Court agrees with Plaintiff. The ALJ's treatment of Dr. Okai's opinion, finding its limitations on Plaintiff's ability to stand, walk, and lift objects to be persuasive but adopting an RFC that presumes Plaintiff could sit for more than 45 minutes at a time and stand for more than 30 minutes at a time, is an "illogical" and "inconsistent" conclusion that fails to reflect an adequate logical bridge from the evidence to the conclusion and is not supported by substantial evidence. *Liapis v. Bisignano*, 180 F.4th 946, 952 (7th Cir. 2026), citing *Lothridge v. Saul*, 984 F.3d 1227,

1234 (7th Cir. 2021) ("[A]n internally inconsistent opinion by an ALJ is likely to fail to build a logical bridge between the evidence and the result."). Furthermore, the ALJ's opinion did not allow the Court to undertake a meaningful review of his determination that Plaintiff could sit for seven hours and stand for one hour without allowances for extra breaks or shifting positions throughout the eight-hour workday, insofar as the record evidence showed Plaintiff experienced pain and reduced ROM throughout his body (despite receiving repeated injections for pain), and the ALJ did not explain how his conclusion could be consistent with that evidence, or how his conclusion had substantial evidentiary support in the record despite that evidence. "[A]n ALJ fail[s] to satisfy the 'logical bridge' requirement, [where] the evidence cited by the ALJ ha[s] 'little or no apparent bearing' on the ALJ's conclusion." *Lincoln*, 173 F.4th at 893, quoting *Lothridge*, 984 F.3d at 1233. *See also Liapis*, 180 F.4th at 952, citing *Scrogham v. Colvin*, 765 F.3d 685, 701 (7th Cir. 2014) (finding that ALJ committed "logical error[]" by "misinterpreting the significance of [the claimant's] extensive treatment").

Defendant attempts to rehabilitate the ALJ's opinion after the fact by speculating that if the RFC (of seven hours of sitting, and one hour of standing and/or walking) is "broken out evenly, this would mean that plaintiff could spend at least seven-and-a-half minutes of each hour standing and/or walking, in addition to a break in the morning and afternoon, and a lunch break," and "Plaintiff would not likely be required to sit for hours at a time with no respite." (Opp. at 4-5.) Defendant concludes that "[t]hus, reason and logic dictate that an ability to sit for 45 minutes at one-time is commensurate with an RFC calling for seven hours of sitting and one hour of standing/walking, in addition to the customarily afforded breaks." (*Id*. at 5.) But Defendant's argument that the RFC presumes Plaintiff would be able to shift positions or take breaks 15 minutes per hour is neither logical nor reasonable. As the vocational expert ("VE") at the hearing confirmed

in answer to a question by the ALJ, an additional limitation of even two 15-minute breaks *per day*, with the "normal[] ... morning and afternoon break[,] ... whether you're lying down or not[,] ... would be work preclusive." (R. 56-57.) The Social Security Ruling that Defendant cites, SSR 96-9p, confirms the VE's understanding, explaining that:

> An individual may need to alternate the required sitting of sedentary work by standing (and, possibly, walking) periodically. Where this need cannot be accommodated by scheduled breaks and a lunch period, the occupational base for a full range of unskilled sedentary work will be eroded. The extent of the erosion will depend on the facts in the case record, such as the frequency of the need to alternate sitting and standing and the length of time needed to stand. The RFC assessment must be specific as to the frequency of the individual's need to alternate sitting and standing.

SSR 96-9p. Here, however, the ALJ did not accommodate any need for Plaintiff to alternate sitting and standing or take additional breaks. As the RFC the ALJ assigned was not and cannot be logically understood consistently with the rest of the ALJ's opinion, the ALJ's errors require remand.

**CONCLUSION**

For the foregoing reasons, the Court grants Plaintiff's brief in support of reversing and remanding the ALJ's decision (D.E. 21) and denies Defendant's memorandum in support of affirming the decision (D.E. 24).

**SO ORDERED.**

**ENTER:**

**GABRIEL A. FUENTES**
**United States Magistrate Judge**

**DATED: August 31, 2026**